Mr. Hopkins, *pro quer.*

Messrs. Kittera and C. Smith, *pro def.*

────────◆────────

JAMES LITLE, plaintiff in error, *against* JAMES HENDERSON, ANDREW CALDWELL and JOHN HAMILTON, assignees of THOMAS SKILES, an insolvent debtor.

Where there is no ambiguity in an agreement, parol evidence shall not be admitted to show the intention of the parties, according with its legal operation.
The plea of covenants performed, in an action on an agreement, dispenses with oyer.

COVENANT on articles of agreement for the sale of lands. The defendant in the Common Pleas prayed oyer and had it, and then pleaded covenants performed, on which issue was taken. On a trial in the Common Pleas, on the 30th July 1795, the then plaintiffs obtained a verdict for 267*l.* 1*s.* 1¼*d.* damages, and judgment was rendered thereon.

The writ of error was returned with the record and two bills of exceptions annexed, which by consent were argued at Nisi Prius, and were agreed to be now decided.

The bills of exceptions were as follow:—And now the 30th July 1795, upon the trial of this cause, the counsel for the defendant under the plea, protesting that the plaintiff Skiles did not perform his covenants, and that the said defendant did well and truly perform the covenants he ought to have performed; offered to give in evidence by David Watson the scrivener, who drew the articles on which the action is brought, that before he wrote the said articles, it was agreed by the said Skiles, that the said Litle should have the crop that was then in the ground, and that he was instructed by the parties to insert such agreement in the said articles, but through mistake omitted it. To this the counsel for the plaintiffs objected, and prayed the

court not to admit the said evidence, to which the court assented, and overruled the testimony. Whereupon the said counsel for the defendant did then and there in behalf of the said defendant except to the the opinion of the said court, and did then and there request of the said court to put their seals to this bill of exceptions, which was granted accordingly.

JOHN JOS. HENRY, (L. S.)
ROBERT COLEMAN, (L. S.)

Which said issue, &c. &c. And upon the trial of that issue, the counsel learned in the law for the said plaintiffs, to maintain and prove the said issue on their parts, produced and read to the court an assignment of the said Thomas Skiles to the said plaintiffs, in trust for themselves and the other creditors of the same Thomas in these words:—"I do hereby assign and make ever all my right and title of a certain article of agreement, signed by James Litle and myself which is now in the hands of William Montgomery, esq. to James Henderson, Andrew Caldwell and John Hamilton, three of my creditors, in trust for themselves and the rest of my creditors. Witness my hand and seal, 3d August 1791.

THOMAS SKILES, (L. S.)
Sealed and delivered in the presence of
JOHN BURG,
PETER HOOFNAGLE."

And further on their parts did swear and examine David Watson, esq. who gave evidence to the court in these words:—"I drew the article of agreement between Thomas Skiles and James Litle; the paper produced is a true copy of it. The article was lodged with me by the parties. I gave a copy of it to Thomas Skiles. The defendant James Litle, came for a copy of the article, and it was not convenient for me to make him a copy. I gave him the original, on condition he would bring it back; but he never brought it back. He said he gave it to his attorney." And the said counsel for the plaintiffs did then offer in evidence to the jury, a copy of the said article of agreement, whereupon the said counsel for the defendant, did then and there insist before the said president and associate judges, that the said copy of the agreement aforesaid was no sufficient, and ought not to be allowed and admitted as evidence to the jury, for this, that the said plaintiffs have made profert of the said articles of agreement in their declaration, and that they had not proved that they had given any notice to the said defendant to produce to the court the said original articles; and

did then and there pray of the said president and judges, not to admit or allow the said copy to be admitted in evidence to the jury aforesaid. But to this the said counsel for the plaintiffs did then and there insist before the said president and judges, that the said copy so produced and proved, ought to be admitted and allowed as evidence to the jury, and that from the evidence before the court as above set forth, they were not bound to give notice to the said defendant to produce the said articles, and did then and there pray the said court to allow and admit the said copy in evidence to the jury aforesaid. And the said president did then and there deliver his opinion and the opinion of said judges, that the said copy ought to be allowed and admitted in evidence to the said jury, and that the said plaintiffs were not bound to give notice to the defendant to produce the said articles. Whereupon the said counsel for the defendant then and there offered to prove by the oath of the said defendant as a reason why he did not produce to the court the said articles, that before the assignment by the said Thomas Skiles to the said plaintiffs, and the instituting of this suit by them, that he had delivered the said original articles to the said Thomas Skiles. And the said counsel for the plaintiffs did then and there insist before the said president and judges that the said defendant ought not to be admitted to prove the said fact, and did pray the said court not to admit the said defendant to prove the same fact by his own oath. But the counsel for the said defendant insisted before the said court, that the said defendant was competent to prove the said fact, and did then and there pray the same court to admit the said defendant to prove the fact aforesaid. And the said president did then and there deliver his opinion and the opinion of the said associate judges, that it was not competent to the said defendant to prove the said fact, and the said court did refuse to admit the said defendant to be sworn to prove the said fact. Whereupon the said counsel for the defendant did then and there on his behalf except to the opinion of the said president and associate judges; and inasmuch as the said several matters so produced and given in evidence on the part of the plaintiffs and by their counsel insisted on as aforesaid, and the said offer of the testimony of the said defendant so objected to by the counsel for the plaintiffs, and overruled by the said court, do not appear by the records, and the said counsel for the defendant did then and there propose their aforesaid exceptions to the opinion of the said president and associate judges, and requested the said president and associate judges to put their seals to this bill of exceptions containing the several matters as aforesaid, and that it may be tacked to the said record according to the form

of the statute in such case made and provided; and whereupon the said president and associate judges, at the request of the said counsel for the defendant, did put their seals to this bill of exceptions, and did annex the same to the record, pursuant to the aforesaid statute in such case made and provided on the 30th day of July aforesaid, in the year aforesaid.

JOHN JOS. HENRY, (L. S.)
ROBT. COLEMAN, (L. S.)

Messrs Montgomery and C. Smith for the plaintiff in error, insisted on the first exception, that a doubt might arise on the agreement, whether the vendee should have the crop growing. This part of the contract was omitted by the clerk who drew it; and it was proposed to examine him to remove all ambiguity, and to show what was the real understanding of the parties. In dubious cases, such proof may be received. How can a mistake in a written paper be shown, except by parol testimony? 1 Vez. 458. Other considerations, than those expressed in the deed, may be proved. 1 Vez. 458. A distinction has been taken between cases where the evidence offered is to explain a written agreement complete in itself, and others where parol evidence is adduced to show, that something intended to be inserted in an agreement, has been omitted by mistake or fraud. 1 Powel on Cont. 432. This is mere executory contract.

On the second exception, it is not material, whether the plea admits the articles as declared on, or not. For whoever pleads a deed, from which he claims benefit, must bring it into court. The reasons assigned, are, that the court may see that the deed is sufficient in law; that it be not razed or interlined in material places; and whether it be made on any condition, or with power of revocation. Co. Lit. 35 b. 10 Co. 92. a. Oyer of a deed cannot be dispensed with. 6 Mod. 226. 2 Stra. 1186. 1 Vez. 387. It is admitted, that in a late case, it has been resolved, that a deed may be pleaded as lost by time and accident, without profert. 3 Term Rep. 151. But here the articles are not lost or destroyed. The defendants in error were bound to have them ready for production, when they instituted their suit, or they should at least have given notice to the adverse party to produce the original at the trial, to entitle them to read a copy. Ambl. 247. 4 Burr. 2286.

The offer of Litle's own oath to prove that he had delivered the original to Skiles, removes the difficulty which might arise from his supposed suppression of it.

Messrs. Bowie and Hopkins for the defendants in error, were prepared to answer the foregoing arguments; but were stopped by the court, who said, they had no difficulty on either of the exceptions stated. They added—

There is no ambiguity whatever in the articles of argument, contained in oyer. Absolute words of grant in the present tense are inserted therein to Litle, with an express covenant, that he should enter on the land, receive the profit, and occupy the same fully. No doubt could possibly be entertained of the operation of the instrument, and the vendee was clearly entitled to the crop in the ground. If the scriviner made an omission on this head, it did no injury and no room is left for parol testimony. To receive parol evidence of the intention of the parties, where the same clearly appears as contended for, would be as absurd, as in a plain conveyance in fee simple by apt words, to produce witnesses, to prove it to an absolute and full grant intended by the parties.

2. The original agreement was deposited in the hands of David Watson, to be safely kept for the benefit of both parties. It was reasonable to expect, that he would have discharged his trust with fidelity, and not have given up the original to Litle. The plaintiffs below, had no reason to suspect, that their adversary possessed the groundwork of their suit, or that he could produce it on notice given to him. But here the plaintiff in error was furnished with oyer, and if otherwise, he, has dispensed with oyer, by putting in his plea of covenants performed, which if formally drawn up at lenth, must have set out the material parts of the agreement. No injury can be done to Skiles by the non-production of the original paper, nor is any rule of law violated thereby, under the circumstances of this case. The second exception we may truly say, is *inter apices juris*, and appears to be ill grounded.

Judgment of the Court of Common Pleas affirmed.